IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHARLES D. GALLOWAY                                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:20-CV-00007-RP

MASON WAGES, ANNA ROBBINS,
JEFF CHISM, CHRIS ROBERTSON, and
MISSISSIPPI                                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Charles D. Galloway, an inmate housed at the Union County Detention Center in New Albany, Mississippi, has filed a civil rights action pursuant to 42 U.S.C. § 1983 against a number of defendants. Doc. #1. *See also* Doc. #s 8, 10. Having fully considered his allegations and the applicable law, the Court finds that Galloway's complaint must be dismissed.

### Screening Standards

Because Galloway has been permitted to proceed *in forma pauperis* in this action,[1] his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. §1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022,

---

[1] *See* Doc. # 16.
[2] *See also* 28 U.S.C. §1915A (subject prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

1025 (5th Cir. 1998)(citations omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

In order to state a claim under Section 1983, a plaintiff must allege that he was deprived of a right under the Constitution or the laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Galloway is currently incarcerated and awaiting trial on state charges of kidnapping and assault and takes issue with the fact of his confinement related to these charges. A challenge to the fact or duration of a prisoner's confinement must be brought as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). Thus, any claims as to the fact of his current confinement are not properly before this Court.

Other than generally objecting to the fact of his current confinement, it appears as though Galloway is merely attempting to have this court officiate the handling of the criminal state charges lodged against him. Galloway's primary grievance seems to be that he is dissatisfied with the performance of his court-appointed public defenders. He additionally complains that he has filed various motions—in the underlying state criminal case—which have not yet been resolved. He further opines that the named local law enforcement officers conducted their investigation in a substandard manner. As far as requested relief, Galloway asks this Court to appoint him a private attorney to defend him in the state criminal proceedings, order the public defenders to "do their job,", "charge" the named defendants, and open an investigation. Federal district courts, however, do not interfere with or supervise on-going state court criminal proceedings. *Anderson v. Humphreys County Sheriff's Dept.*, 2008 WL 192098, at *1 (N.D.

Miss. Jan. 23, 2008); *see also Knuth v. Arp*, 2016 WL 126338 (D. Colo. Jan. 11, 2016); *Moore v. Raine*, 2002 WL 1489523 (N.D. Tex. July 10, 2002).

Moreover, the bulk, if not all, of Galloway's current allegations concern the performance of his appointed public defenders.[3] But attorneys, even court-appointed public defenders, acting on behalf of their clients are *not* state actors and, therefore, cannot be held liable under Section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981); *see also Worthy v. Scoggin*, 2002 WL 31875561, at *2 (N.D. Tex. Dec. 19, 2002).

The Court lastly notes that Galloway cites and quotes various constitutional amendments and other federal statutes, but he fails to allege any facts that would support a claim under the cited authority. *See* Doc. #s 1, 8, 10. In sum, Galloway has failed to allege the deprivation of a constitutional right or a right otherwise guaranteed by the laws of the United States.

## Conclusion

Galloway's allegations fail to assert a cognizable federal claim under Section 1983, and this action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Galloway is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 27th day of March, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[3] Galloway's complaint and supplemental pleadings consist of a long narrative detailing his lengthy criminal history and objections regarding the handling of those prior offenses, but that narrative has no bearing on the claims presently asserted. *See* Doc. #s 1, 8.